BEFORE THE THIRD DIVISION, MARCH 29, 1965

**No. 69196.**—J. Robert Kunz *v.* United States, protest 64/6230 (New York).

RICHARDSON, Judge: This case is before the court as the result of the defendant's consent to the plaintiff's request by letter, dated September 17, 1964, to have the case submitted and decided upon the basis of the official papers, in lieu of plaintiff's appearance before the court personally. It appears that the plaintiff, who resides in Switzerland, is unable to come to the United States to attend court, and has apparently deemed it inexpedient to retain an attorney to appear here on his behalf.

It is claimed in the protest that various articles of gift merchandise, which plaintiff sent to this country at a time when he was making a visit here, should not have been assessed with duty and taxes upon entry, but should have been admitted duty and tax free. As authority for his contention, plaintiff refers to pamphlet information disseminated abroad by the United States Consulate General in Zurich to the effect that foreign visitors to the United States would be entitled to have admitted duty and tax free up to $100 worth of gifts brought with them on such visits.

The plaintiff and his wife traveled here by airplane; and the gift merchandise and other personal effects were sent by steamship prior to their departure, arriving in this country ahead of them. Upon entry, the gift merchandise was appraised under an appraisement entry and the gifts were assessed with duty and

taxes in the amount of $71.23, which amount plaintiff paid, and, to recover which, timely protest was filed.

We are of the opinion that the subject merchandise is not exempt from duty and taxes, as claimed by the plaintiff. The statute requires a coincidence of arrival in this country of both merchandise and nonresident in order to qualify the merchandise for duty- and tax-free status. The controlling statute is 19 U.S.C., section 1201, paragraph 1798(b)(2) (supp. IV, 1959–62) (paragraph 1798(b)(2), Tariff Act of 1930, as amended), which exempts from duty such gift merchandise in language reading as follows:

(b) In the case of any person arriving in the United States who is not a returning resident thereof—

\* \* \* \* \* \* \*

(2) not exceeding $100 in value of articles (including not more than one wine gallon of alcoholic beverages and not more than one hundred cigars) accompanying such person to be disposed of by him as bona fide gifts, if such person has not claimed an execption [sic] under this subdivision (2) within the six months immediately preceding his arrival and he intends to remain in the United States for not less than seventy-two hours;

It is admitted in the protest that the subject gifts did not accompany the plaintiff when he entered this country. Consequently, assessment of duty and taxes was required by law, and properly assessed.

The difficulty with the plaintiff's position is that he mistakenly interpreted the statutory requirement that the gifts must accompany him, to cover the situation where he sent the gifts to the United States. The two circumstances are not the same. Exemption from duty and taxes by reason of the sending of gifts of a lesser value ($10 maximum) than those here involved ($155) to the United States by persons in foreign countries is governed by another statute that is not applicable to the plaintiff's case, because the value of his gifts exceeded statutory limits on the day of entry (19 U.S.C., section 1321(a)(2)(A) (section 321(a)(2)(A), Tariff Act of 1930, as amended).

For the reasons stated, the protest is overruled. Judgment will be entered accordingly.

CONCURRING OPINION

DONLON, Judge: While consideration of section 321(a)(2)(A) is not pertinent to our decision, inasmuch as plaintiff makes no claim under that section, it is discussed in the collector's report and in the principal opinion. It is relevant to point out that on the basis of the official papers, which constitute the record before us, it does not appear that the gifts imported in two cases and one trunk were sent from abroad "to persons in the United States." That is an essential condition of section 321(a)(2)(A) exemption, equally with the maximum value of $10 that is mentioned in the principal opinion.